UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

CHRISTINE SELVAGGIO,

                 Plaintiff,

v.

ROBERT HIATT, DAWN MARCONI, RACHEL ADAMS, BARBARA PANEPINTO, and LAWRENCE MANSOUR,

                 Defendants.

-----------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-3185 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Christine Selvaggio commenced the above-captioned action on May 24, 2019, against Defendants Robert Hiatt, Dawn Marconi, State Court Judge Rachel Adams, State Court Judge Barbara Panepinto, and Lawrence Mansour, challenging spousal support orders entered in a family court proceeding in the New York State Supreme Court, Kings County (the "State Court Action"). (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purpose of this Memorandum and Order. For the reasons set forth below, the Court *sua sponte* dismisses the Complaint.

**I. Background**

    Plaintiff alleges that on November 6, 2017, Judge Panepinto issued "a Short Form Order unlawfully misappropriating $1,351.18 of Plaintiff's $1,585.00 temporary maintenance award from another Judge, to pay [Mansour's] [Department of Veteran's Affairs] mortgage debt from Ohio . . . ." (Compl. ¶ 2.) Plaintiff also alleges that Hiatt, Mansour's attorney during the State Court Action, lied to the State Court and "defraud[ed] the Plaintiff . . . out of money in order to pay his client's debt . . . ." (*Id*. ¶ 3.) Plaintiff contends that because Mansour procured the

mortgage before they were married and is the sole signatory, the State Court should not have considered payment on the mortgage as part of her spousal support award. (*Id*.)

On November 16, 2018, Plaintiff moved by order to show cause in the New York State Supreme Court, Richmond County seeking a court order directing Mansour to pay $234.00 that he failed to pay in November of 2018 as part of the spousal award. (*Id*. ¶ 10.)

On February 11, 2019, "immediately upon the case being transferred" to Kings County, Plaintiff sought emergency relief "reinstat[ing] the temporary maintenance in the amount of $1,585.00." (*Id*. ¶ 17.) Plaintiff alleges that on March 6, 2019, Judge Adams "only reinstated the $234.00[,] failed to give Plaintiff all of the months from November 2018 . . . [Mansour] failed to pay," and "failed to reinstate the $1,351.18 that Judge Panepinto fraudulently misappropriated toward [Mansour's] personal federally insured, VA mortgage." (*Id*. ¶ 18.)

Plaintiff alleges that she is suffering financial hardship and cannot afford her monthly bills. (*Id*. at 5.) She is requesting compensatory and punitive damages in the amount of $100,000.00.[1] (*Id*. at 7.)

---

[1] On May 13, 2019, Plaintiff filed a nearly identical complaint against all Defendants, except for Defendant Marconi, an attorney associated with Hiatt. *See Selvaggio v. Hiatt*, No. 19-CV-2785, 2019 WL 2210845, at *1 (E.D.N.Y. May 22, 2019) ("May 2019 Decision"). Plaintiff moved by order to show cause for an order "enjoining the Defendants from taking any further action against the Plaintiff, including . . . stealing [her] temporary maintenance in the amount of $1585.00 and/or allowing Defendant [Mansour] to pay his VA mortgage acquired prior to marriage, in the amount of $1351.18 . . . ." (*Id*.) The Court denied Plaintiff's application for injunctive relief, having found that Plaintiff was not likely to succeed on the merits. (*Id*.) The Court subsequently dismissed the complaint for lack of subject matter jurisdiction because Plaintiff's allegations challenged the same temporary spousal support award at issue in this action and the Court was without jurisdiction to review the award. (*Id*. at 3.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (noting that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction

Notwithstanding Plaintiff's attempt to invoke the Court's subject matter jurisdiction under the United States Constitution and other federal laws,[2] Plaintiff challenges a temporary spousal support award issued in the State Court Action.

As the Court stated in the May 2019 Decision, it is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 745 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." (citation and internal quotation marks omitted)); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (stating that the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law . . . is an area of law that federal courts and Congress leave almost exclusively to state law and state courts."). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 112, 113 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703); *see also Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) (stating that the "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree" (citation and internal quotation marks omitted)).

---

[2] Plaintiff relies on 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1985, and the Federal Rules of Civil Procedure as grounds for the Court's subject matter jurisdiction.

Although the Supreme Court has advised that the exception generally "encompasses only cases involving the issuance of a divorce, alimony, or child custody decree," *Ankenbrandt*, 504 U.S. at 704, the Second Circuit has repeatedly held that "subject matter jurisdiction may be lacking in actions directed at challenging the results of domestic relations proceedings," *Martinez v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015) (citing *Ankenbrandt*, 504 U.S. at 705), and has made clear that "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages," *Schottel v. Kutyba*, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)); *see also Keane*, 549 F. App'x at 55 (affirming dismissal of a plaintiff's action for fraud against her ex-husband under domestic relations exception); *Am. Airlines, Inc.*, 905 F.2d at 14 ("A federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976))).

As in the prior action, Plaintiff alleges that the judge in the State Court Action unlawfully considered Mansour's personal mortgage debt when determining the appropriate temporary spousal support award, and that she is being compelled to pay a debt that is not hers. (Compl. 4–5); *see Selvaggio v. Hiatt*, No. 19-CV-2785, 2019 WL 2210845, at *1 (E.D.N.Y. May 22, 2019) ("The essence of [p]laintiff's [c]omplaint is that the State Court judge unlawfully considered Mansour's personal mortgage debt on the Property when determining the appropriate temporary spousal support award."). Thus, Plaintiff's allegations challenge the temporary spousal support award in the State Court Action, which the Court has no jurisdiction to review. *See Hamilton v. Hamilton-Grinols*, 363 F. App'x 767, 769 (2d Cir. 2010) (finding that the court did not have

subject matter jurisdiction over ex-husband's claim to have his name removed from loans held jointly with his ex-wife because the claim was "matrimonial in nature" as it was grounded in his ex-wife's purported violation of a state court order for temporary support and state court final judgment of divorce). Accordingly, because Plaintiff challenges the temporary spousal support award in the State Court Action, this Court is without jurisdiction to review the temporary spousal support award order.

### c. Plaintiff fails to state a claim

Even if Plaintiff's claims were not barred by the domestic relations exception to federal jurisdiction, Plaintiff fails to state a claim or allege any facts that could give rise to a claim under any of the federal statutes Plaintiff references in the Complaint or under the Federal Rules of Civil Procedure.

### i. Judges Panepinto and Adams are immune from suit

Because Judges Panepinto and Adams were acting in their judicial capacities in issuing the temporary spousal support award, they are immune from suits for money damages for their judicial actions.

"Judges acting in their judicial capacity are absolutely immune from suit, event where the plaintiff asserts constitutional violations under § 1983." *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." (quoting *Bliven*, 579 F.3d at 209)). "Absolute judicial immunity applies even if the judge allegedly acted in bad faith or with malice." *Burdick*, 717 F. App'x at 93 (citing *Bliven*,

579 F.3d at 209); *Jackson v. Ramirez*, 691 F. App'x 45, 46 (2d Cir. 2017) (same); *Whitnum v. Emons*, 683 F. App'x 71, 72 (2d Cir. 2017) (same).

Accordingly, Plaintiff's claims against Judges Panepinto and Adams are barred by judicial immunity.

### ii. Plaintiff fails to state a claim under section 1983

Although Plaintiff relies on section 1983 as a basis for federal question jurisdiction over Hiatt, Marconi, and Mansour, she fails to plead facts to allege that they are state actors as required to state a section 1983 claim.

To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted)). "A plaintiff can demonstrate that a private [actor] . . . act[ed] under color of state law . . . [(1)] by demonstrating that the State compelled the [actor's] conduct . . . [(2)] by demonstrating that there is a sufficiently close nexus between the State and the [actor's] conduct . . . or (3) by demonstrating that the [actor's] conduct consisted of activity that has traditionally been the exclusive prerogative of the State . . ." *Amid v. Chase*, 720 F. App'x 6, 11 (2d Cir. 2017) (citations and internal quotation marks omitted)).

Plaintiff has not made any allegations to suggest that Defendants Hiatt, Marconi, and Mansour acted under color of state law.

Moreover, to the extent Plaintiff alleges that Hiatt, as an attorney, acted under color of state law, the claim fails because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk*

*Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Prince v. Jelly*, No. 17-CV-1284, 2017 WL 5574273, at *3 (D. Conn. Nov. 20, 2017) ("[I]t is well-established that . . . attorneys performing a lawyer's traditional functions as counsel . . . do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (quoting *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997))); *Morpurgo v. Inc. Village of Sag Harbor*, 697 F. Supp. 2d 309, 338 (E.D.N.Y. 2010) ("Courts in the Second Circuit 'have held that litigants and lawyers are not clothed with the state's authority because they are using the state's judicial process or because they are officers of the court.'" (alterations omitted) (quoting *Srubar v. Rudd*, 875 F. Supp. 155, 163 (S.D.N.Y. 1994)); *Grant v. Hubert*, No. 09-CV-1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) ("It is well settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law.").

Accordingly, Plaintiff fails to state a claim against Defendants Hiatt, Marconi, and Mansour under section 1983.

### iii. Plaintiff fails to state a claim under section 1985

Construing Plaintiff's allegations to raise the strongest argument they suggest, Plaintiff alleges that Hiatt, Marconi, and Mansour conspired with Judges Panepinto and Adams to defraud her out of money. (Compl. ¶¶ 3, 18.) Plaintiff also alleges that Judge Panepinto "dislikes women." (*Id.* ¶ 4.)

To state a claim for conspiracy to interfere with civil rights under section 1985, a plaintiff must allege (1) a conspiracy, (2) with the intent or purpose to deprive a person of equal protection of the law, (3) an act in furtherance of the conspiracy, (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec.*

8

*Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). "In order to maintain an action under [s]ection 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003) (citation omitted). In addition, a plaintiff must allege that she is a member of a protected class and that the conspirators acted with class-based discriminatory motivation. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006); *Ali v. Connick*, 136 F. Supp. 3d 270, 277 (E.D.N.Y. 2015).

The Court understands Plaintiff to allege that Hiatt, Marconi, and Mansour conspired with Judges Panepinto and Adams to deprive her of money and "compel[]" her to pay Mansour's mortgage. (*See* Compl. ¶ 18.) However, Plaintiff has not plausibly alleged that Defendants acted with discriminatory motivation, as is required under section 1985. *See Mian*, 7 F.3d at 1087 ("[T]he conspiracy must also be motivated 'by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" (quoting *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828–29 (1983))). In addition, Plaintiff's allegation that Judge Panepinto "dislikes women" is conclusory and insufficient to state a claim. *See Allen v. Antal*, 655 F. App'x 9, 14 (2d Cir. 2016) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." (quoting *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993))).[3]

Further, Plaintiff fails to adequately plead the existence of a conspiracy because she provides no facts from which the Court can infer a meeting of the minds. *See Webb v. Goord*,

---

[3] In addition, Plaintiff cannot rely on the Federal Rules of Civil Procedure as a basis for federal question jurisdiction. *See Owen Equipment v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create . . . federal jurisdiction.").

9

340 F.3d 105, 110 (2d Cir. 2003) ("In order to maintain an action under [s]ection 1985, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that [the] defendants entered into an agreement, express or tacit, to achieve the unlawful end.'"); *K.D. ex. rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013) (stating that "[t]o withstand a motion to dismiss a § 1983 or § 1985(3) conspiracy claim, a plaintiff must provide some factual basis supporting a meeting of the minds" (citation and internal quotation marks omitted)).

Accordingly, Plaintiff fails to state a claim under section 1985.

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint, without prejudice, for lack of subject matter jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: June 18, 2019
      Brooklyn, New York

                            SO ORDERED:

                            _____s/ MKB_____
                            MARGO K. BRODIE
                            United States District Judge